## PESKOE v. JOHNSON.

Civil Court of Record, Dade County.

April 18, 1953.

Robert D. Ross, Miami, for plaintiff.

Willis G. Van Devere, Miami, for defendant.

SILVER S. SQUARCIA, Judge.

In her complaint plaintiff alleges that she owned a 1948 Packard automobile which she left with the defendant garage owner on February 27, 1951 for repairs to the starter, that "defendant then and there expressly and/or impliedly undertook and agreed to keep

and protect the car, safe and secure, while the repairs were being made, and to return and re-deliver it to the plaintiff on demand," but that "defendant negligently and carelessly and in disregard of his duty and obligation to keep and protect the car permitted it to be taken from his garage by Elzy Knotts, one of his employees, whereby the car was driven by the said employee on to the streets of Miami and there wrecked and smashed and made virtually worthless."

In the testimony in this case, which was tried to the court without a jury, it developed that the defendant operates a combined filling station and garage, the garage adjacent to the filling station. The defendant testified that plaintiff came in about 7 P. M. and left the car with him personally, and it was then parked in the filling station area with the key in it. A couple of hours later he saw Elzy Knotts get into the car and drive it off on the pretext that he was driving it into the garage.

The defendant admitted that Knotts was his employee but said he was only a filling station attendant not authorized to drive cars away from his establishment and not authorized to do any repair work, that he had a regular mechanic named Miles, and that Knotts was off duty on the evening in question and was just "hanging around" the filling station.

Knotts took the stand and testified that he was the defendant's "night man" employed not only as an attendant but to do repair work when the regular mechanic was away, that he was working for the defendant on that evening, that he took the car to the garage, repaired the starter and was "road-checking" it when he ran into a parked car.

With respect to the law governing this case there can be no question as to these two propositions—(1) plaintiff entrusted the automobile in the defendant's care for repairs, and (2) the defendant was a bailee for hire. See 24 Am. Jur. p. 489, Maynard v. James (Conn.), 65 A.L.R. 427, and Walters v. U. S. Garage, Inc. (Maine), 160 Atl. 758.

Assuming all the defendant's testimony is true, that he saw Knotts get in the car and drive off on the pretext he was driving into the garage, it still does not excuse him that Knotts according to his testimony had no authority to drive the car or do any work on it—because if Miles, the regular mechanic, was the only person authorized to work on the car then the defendant was guilty of negligence when he permitted any one else to get in the car and drive it. He was also guilty of negligence when he permitted the key to remain in the ignition switch so that it could be taken out.

The court's verdict is for the plaintiff in the sum of $1,340. I arrived at that figure as follows—I first found that the car was worth $1,600, plaintiff paid a $40 towing and storage charge, making it $1,640, but she received $300 for the wrecked car, leaving a remainder of $1,340. Counsel will prepare a judgment in that amount, with costs.